

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

July 29, 1975

The Honorable James E. Peavy, M. D.
Director
Texas Department of Health Resources
Austin, Texas 78756

Opinion No. H- 653

Re: Authority of counties to re-
gulate solid waste disposal opera-
tions.

The Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas 77002

Dr. Peavy has requested our opinion concerning the jurisdiction and proce-
dures of the Department of Health Resources and the various counties with re-
gard to solid waste disposal.

Dr. Peavy's questions are:

1) To what extent, if any, may a county regulate solid waste disposal
operations within the extraterritorial limits of an incorporated city
or town?

2) May a county, through its Commissioners Court, pursuant to Article
2351g-1, V. C. S., select and utilize a solid waste disposal site with-
out obtaining a permit from the State Health Department pursuant to
Section 4(e) of Article 4477-7, V. C. S., or regulation by the Depart-
ment as authorized throughout this statute?

3) a.   If a county which has elected to exercise solid waste manage-
ment powers, including the issuance of [licenses] in matters deal-
ing with solid waste disposal sites pursuant to Article 4477-7, V. C. S.,
or Article 4477-8, V. C. S., or both, and considering also that the
State Department of Health exercises its . . . permit powers under
Article 4477-7, V. C. S., may the Department require that applicants
choosing to operate disposal sites in such a county acquire such a
[license] from the county, so long as such county's rules, regula-
tions and procedures are in accordance with those utilized by the
Department?

b. If such a county has adopted a [licensing] system as afore-
said and itself desires to operate a solid waste disposal site,
may the State Health Department require that such a county obtain
a permit from the state notwithstanding the fact that the county
has adopted its own rules and regulations governing solid waste
matters?

4) May a county acting pursuant to authority granted in Section 5 of
Article 4477-7, V.C.S., or Article 4477-8, V.C.S., pass rules
or regulations or adopt procedures which are less strigent than,
or not otherwise in accordance with, the Department's statutory
requirements under Article 4477-7, V.C.S., or the Department's
rules and regulations promulgated pursuant thereto?

Mr. Resweber has asked whether a county must hold hearings for the re-
newal of a license.

Article 4477-7, V.T.C.S., the Solid Waste Disposal Act, designates the
Texas State Department of Health (the department) as the agency with juris-
diction over municipal solid waste, and the Texas Water Quality Board (the
board) as the agency with jurisdiction over industrial solid waste. Sec. 3.
See Attorney General Opinion H-64 (1973). Section 5 grants certain powers
to counties, as do articles 4477-8, V.T.C.S., the County Solid Waste Con-
trol Act, and 2351g-1, V.T.C.S.

Your first question concerns the jurisdiction of a county as to solid
waste disposal operations within the extraterritorial jurisdiction of a city or
town.

Section 5(d) of article 4477-7, V.T.C.S., the Solid Waste Disposal Act,
provides in part:

> . . .[A] county is empowered to require and issue
> licenses authorizing and governing the operation
> and maintenance of sites used for the disposal of
> solid waste in areas not within the territorial limits
> of incorporated cities and towns.

Solid Waste Control Act, article 4477-8, V.T.C.S., provides in part:

> . . .[A] county . . . may make regulations for the
> areas of the county not within the territorial limits
> or extraterritorial jurisdiction of incorporated ci-
> ties and towns to provide for governing and con-
> trolling solid waste collection, handling, storage
> and disposal.

Thus, the general regulatory jurisdiction of counties does not extend to areas within the extraterritorial jurisdiction of cities and towns. However, a county may exercise those powers conferred in section 5(d) and (e) of article 4477-7 within this area, and may enforce the requirements of article 4477-7 and the rules and regulations of the Department of Health and the Texas Water Quality Board. Art. 4477-7, sec. 5(f). In addition, a county's power to acquire disposal sites by eminent domain may be exercised within the extraterritorial jurisdiction of cities and towns. V. T. C. S., art. 2351g-1, and art. 4477-8, sec. 4 and 5.

Accordingly, a county may acquire and designate disposal sites within the extraterritorial jurisdiction of cities and towns. Additionally, within this area a county may require disposal facilities to obtain a license, issue such licenses, and enforce the requirements of article 4477-7 and the rules and regulations of the Department of Health and the Texas Water Quality Board. However, the independent regulatory authority of a county within this area is limited to regulations incidental to the exercise of these powers, that is, terms and conditions upon which licenses are issued; a county has no general regulatory authority within the extraterritorial limits of cities and towns. Of course, the solid waste disposal statutes encourage cooperation between cities and counties. See art. 4477-7, secs. 5(c), (d)(1), (e), (h).

Dr. Peavy's second question is whether a county may select and operate a solid waste disposal site without a permit from the Department of Health or regulation by the Department.

As previously noted, article 2351g-1, V. T. C. S., empowers counties to select and acquire sites for dumping and garbage disposal. See also art. 4477-8, secs. 4, 5. Additionally, a county may license disposal sites, article 4477-7, section 5(d), and "the owner or operator of the [licensed] site does not need to obtain a permit from the department or the board for the same site." Sec. 5(d)(4). In our view the use of the word "person" in section 5(d)(2) coupled with the inclusion of counties within its definition, section 2(1), indicates that a county may license its own disposal site. However, with respect to municipal solid waste, no license may be issued, renewed, or extended "without the prior approval . . . of the department . . . ." Sec. 5(d)(4). Section 5(a) provides that the powers granted to counties do "not preclude the department . . . from exercising any of the powers vested in the department . . . ." Section 4(c) empowers the department to promulgate rules and regulations "and establish minimum standards of operation for all aspects of the management and control of the solid waste over which it has jurisdiction," and section 8(a) prohibits the violation of such regulations and standards. See also Sec. 3(a). In addition, section 18(a) of article 4477-8, which grants counties general regulatory powers over

The Honorable James E. Peavy, M.D. - Page 4
The Honorable Joe Resweber

areas not within the territorial limits or extraterritorial jurisdiction of cities
and towns, provides in part:

> regulations shall not authorize any activity,
> method of operation, or procedure which is
> prohibited by the Solid Waste Disposal Act
> or by the rules and regulations of the State
> Department of Health or the Texas Water
> Quality Board . . . .

In our opinion these provisions of articles 4477-7 and 4477-8 require that
counties exercise their powers subject to the regulations and orders of the de-
partment, and no approval should be given to a license for a site which is not
in compliance with such regulations and standards, regardless of whether the
site is selected and operated by a county under articles 2351g-1 and 4477-8,
sections 4 and 5, or by a private person. Accordingly, a person or political
subdivision operating a municipal solid waste disposal site licensed by a county
need not obtain a formal permit from the department, but the approval of the
department must be obtained prior to the issuance, extension, or renewal of a
license, and all municipal solid waste disposal operations must be in compli-
ance with departmental regulations and standards.

Dr. Peavy's third question is whether the department may require appli-
cants to obtain a license from the appropriate county rather than a permit from
the department, and whether the department may require counties operating a
disposal site to obtain a permit from the department notwithstanding the issuance
of a license by the appropriate county.

Section 4 of article 4477-7, which authorizes the department to issue per-
mits, in no way requires it to do so. However, once the department establishes
a permit system, certain mandatory provisions of article 4477-7, section 4(e)
are applicable. The county judge receives notice of applications for sites within
his county, section 4(e)(1), and a hearing is required, section 4(d)(4). In our
opinion section 4(e) requires the permit process to be available to all persons,
and while the matter is not clear, in our opinion these procedures do not contem-
plate a refusal by the department to accept applications from persons in certain
counties. Accordingly, the department may not require a person to obtain a
county license rather than a permit. However, we believe the department may
require persons to apply for a county license as a prerequisite to application for
a permit.

Section 5(d)(4) clearly provides that a site licensed by a county need not be the subject of a permit from the department. Therefore, a county operating a disposal site pursuant to a license may not be required to obtain a permit from the department. Under article 4477-7, the department may refuse to approve a license application, but may not require a permit in addition to a license. Of course, the department may carefully review such a site in its approval procedure and may hold a hearing, for a county may not be overly rigorous in the assessment of its own application.

Dr. Peavy's fourth question is whether a county may enact rules or regulations or adopt procedures which are less stringent than or not in accordance with the department's statutory requirements or its rules and regulations. In this regard, Mr. Resweber asks whether a county must hold a hearing before issuing, extending or renewing a license.

Article 4477-7 requires the department to follow certain procedures in the processing of applications for permits. Sec. 4. Certain procedures are provided for counties operating a licensing system. Sec. 5. In our opinion, the Legislature intended the two sets of procedures to be complementary but to operate independently, for they are provided for in separate sections which deal with the department and counties respectively. Those procedures required of the department are not required of counties by article 4477-7.

However, as previously noted, the department "may adopt and promulgate rules and regulations consistent with the general intent and purposes of [the] Act, "article 4477-7, section 4(c), which purpose is:

> to safeguard the health, welfare, and physical property
> of the people through controlling the collection, handling,
> storage, and disposal of solid wastes.

Since the procedural aspects of a licensing system have a strong influence on the fulfillment of this purpose, in our opinion the department may require reasonable procedures of counties in addition to those required by statute. A county may not adopt procedures or pass rules and regulations which are inconsistent with a regulation or order of the department. While as a general matter a "less stringent" rule, regulation or procedure would be inconsistent with one of the department, whether a regulation is "less stringent" will depend on the facts and the particular provisions involved.

The department is expressly required to hold a hearing before issuing, extending or renewing a permit. Art. 4477-7, sec. 4(e)(4). However, the Act does not require counties to hold hearings in the licensing renewal process, and we are aware of no regulation of the department which does so. Accordingly, in

our opinion a county is not required by statute to hold hearings in its licensing renewal procedure. We do not consider whether due process requirements might necessitate hearings in some instances.

## SUMMARY

The regulatory authority of a county over solid waste disposal activities within the extraterritorial jurisdiction of an incorporated city or town is limited to the power to require disposal sites to be licensed; to issue, extend, and renew such licenses; and to provide terms and conditions upon which such licenses are issued. In addition, within this area a county may designate and acquire disposal sites and may enforce the requirements of article 4477-7, V. T. C. S., and the rules and regulations of the Department of Health and the Texas Water Quality Board.

A county exercising licensing authority under section 5 of article 4477-7, V. T. C. S., may select and license a disposal site to be operated by the county. While no license for a municipal solid waste disposal site may be issued without the prior approval of the Department of Health, once a license is obtained, a permit from the Department is not necessary. Approval should not be given of any site which will not comply with statutory requirements or departmental rules and regulations. Any municipal solid waste disposal site licensed by a county must operate in compliance with rules and regulations of the department.

With respect to counties exercising licensing authority under article 4477-7, section 5, the Department of Health may not require the owner or operator of a proposed disposal site to obtain a license from the appropriate county rather than a permit from the department. Application for a license may be made a prerequisite to a permit.

A county operating a disposal site pursuant to a license may not be required to obtain a permit from the department.

Procedures required of the Department of Health by article 4477-7 are not required of counties. The Department of Health may require reasonable procedures

The Honorable James E. Peavy, M. D. - Page 7
The Honorable Joe Resweber

of counties in addition to those contained in article
4477-7 which are expressly applicable to counties.

Article 4477-7 does not require counties to hold
a hearing, prior to the issuance, extension, or re-
newal of a license, and we are aware of no regula-
tion or order of the Department of Health which
would require such hearings.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: